09-0106-ag
Lie v. Holder

BIA
Abrams, IJ
A099 610 151

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand ten.

PRESENT:
> ROGER J. MINER,
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> *Circuit Judges.*

_____

SHUI QUAN LIE,
> *Petitioner*,

v.                                            09-0106-ag

                                              NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,[*]
> *Respondent.*

_____

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Norman Kwai Wing Wong, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Michele Y.F. Sarko, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shui Quan Lie, a native and citizen of the People's Republic of China, seeks review of a December 16, 2008 order of the BIA affirming the February 5, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shui Quan Lie*, No. A099 610 151 (B.I.A. Dec. 16, 2008), *aff'g* No. A099 610 151 (Immig. Ct. N.Y. City Feb. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan*

*Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). In its decision, the BIA rejected the IJ's credibility determination but nonetheless found Lie ineligible for relief. Lie argues that in doing so, the BIA conducted impermissible factfinding. We disagree. The BIA assumed the facts as Lie alleged them and reviewed *de novo* Lie's eligibility for relief. Such was a permissible exercise of the BIA's authority. *See* 8 C.F.R. § 1003.1(d)(3)(i)–(ii).

We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The BIA did not err in finding that Lie failed to establish his eligibility for asylum and withholding of removal. In *Shi Liang Lin v. U.S. Dep't of Justice*, this Court held that the definition of "refugee" under 8 U.S.C. § 1101(a)(42) does not extend automatically to the partners of individuals who have been forcibly sterilized or forced to have an abortion. 494 F.3d 296, 309–10 (2d Cir. 2007) (en banc). Rather, those persons may qualify for refugee

3

status if they "can prove past persecution, or a fear of future persecution for 'resistance' that is directly related to [their] own opposition to a coercive family planning policy." *Id.* at 313. Thus, the BIA properly determined that Lie is not eligible for relief based solely on his wife's alleged forced sterilization. *See id.* at 314; *see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir. 2007) (per curiam); *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (per curiam).

While *Shi Liang Lin* was decided after Lie's merits hearing, the BIA did not abuse its discretion by declining to remand the case for further factfinding on the issue of his eligibility for relief due to his "other resistance." *See Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156–57 (2d Cir. 2005) (noting that the BIA's denial of a motion to remand is held to the same substantive standard of review applicable to motions to reopen and reconsider, *i.e.,* abuse of discretion). Rather, the BIA properly found that the events Lie described – being fined on two occasions – did not rise to the level of persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) ("While we recognize that economic deprivation may

4

constitute persecution, an asylum applicant must offer some proof that he suffered a deliberate imposition of substantial economic disadvantage." (internal quotation marks omitted)).

Moreover, the BIA reasonably found that Lie failed to allege facts showing that he had a well-founded fear of future persecution on account of his other resistance. *See* 8 U.S.C. § 1101(a)(42); *Matter of S-L-L-*, 24 I. & N. Dec. 1, 10-11 (B.I.A. 2006). Indeed, Lie advanced no argument before the agency that his failure to pay a fine would give rise to a well-founded fear of future persecution. *See Guan Shan Liao*, 293 F.3d at 69-70. As the BIA found, the record revealed that "14 years [had] elapsed between his wife's alleged sterilization and his departure from China" without evidence that he or his family were harmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, the claim of well-founded fear was diminished).

In light of the foregoing, the BIA's denial of Lie's application for asylum and withholding of removal was not improper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.

5

2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

Finally, the BIA did not err in finding that Lie did not demonstrate a clear probability of torture based on his illegal departure from China.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *cf. Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____